UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BENJAMIN LEE  (#114229)

VERSUS                                                                    CIVIL ACTION

SGT. JOHNNY WEST , ET AL                                      NUMBER 09-65-RET-DLD

RULING ON MOTION FOR APPOINTMENT OF COUNSEL

Before the court is the plaintiff's Motion for Appointment of Counsel. Record document number 22.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Johnny West, Maj. Daniel Davis, Sgt. Scott Adams and Sgt. Michael McGee. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs. Specifically, the plaintiff alleged that on March 3, 2008, he was scheduled for outpatient dialysis treatment at Earl K. Long Hospital in Baton Rouge. Plaintiff alleged that Sgt. West advised the plaintiff that he could not wear a sweatshirt on the trip. Plaintiff alleged that he told Sgt. West that he suffers from Lupus and has a medical duty status permitting him to wear the sweatshirt because of his illness. Plaintiff alleged that the defendants prepared a refusal form and failed to transport him to the hospital for his scheduled treatment. Plaintiff alleged that his kidney function worsened because he did not receive the scheduled treatment.

Plaintiff's complaint is neither factually nor legally complex. Plaintiff succinctly set out the factual basis for his claim. Liberally construed, the plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his

constitutional rights.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Plaintiff appears capable of adequately investigating his case. He filed a factually detailed complaint setting forth clearly and concisely the details of the alleged incident. In addition, the plaintiff propounded discovery on the defendants. Appointment of counsel would likely be of some benefit to the plaintiff, but it would do little to assist in the examination of the witnesses or shaping the issues for trial.

Consideration of the factors set forth in *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982), does not support a finding that appointment of counsel for the plaintiff is either required or warranted.

Accordingly, the plaintiff's motion for appointment of counsel is denied.

Signed in Baton Rouge, Louisiana, on June 29, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**