UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BENJAMIN LEE  (#114229)

VERSUS                                                                    CIVIL ACTION

SGT. JOHNNY WEST , ET AL                                    NUMBER 09-65-RET-DLD


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on September 16, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BENJAMIN LEE  (#114229)

VERSUS                                                                        CIVIL ACTION

SGT. JOHNNY WEST , ET AL                                   NUMBER 09-65-RET-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment.  Record document number 12.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Johnny West, Maj. Daniel Davis, Sgt. Scott Adams and Sgt. Michael McGee.  Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Defendants moved for summary judgment relying on a statement of undisputed facts and the declarations of Daniel Davis, Michael McGee, Scott Adams and Johnny West.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Plaintiff alleged that on March 3, 2008, he was scheduled for outpatient dialysis

treatment at Earl K. Long Hospital in Baton Rouge.  Plaintiff alleged that Sgt. West advised the plaintiff that he could not wear a sweatshirt on the trip.  Plaintiff alleged that he told Sgt. West that he suffers from Lupus and has been permitted to wear the sweatshirt because of his illness.  Plaintiff alleged that the defendants prepared a medical refusal form and failed to transport him to the hospital for his scheduled treatment.  Plaintiff alleged that his kidney function worsened because he did not receive the scheduled treatment.

Defendants offered a different version of events.  According to the defendants, the plaintiff refused to put on a regulation prison shirt.  When the plaintiff was ordered to change into the regulation shirt he refused to do so arguing that he needed the sweatshirt to stay warm.  After the plaintiff refused to change his clothing and could not produce a note from a treating physician authorizing him to wear a sweatshirt to the appointment, the defendants directed the plaintiff to sign a medical refusal form.  When the plaintiff refused to sign the form the defendants completed the form with a notation that the plaintiff had refused the trip and to sign the form.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id*.

Although the defendants argued that the dress regulation prohibited the plaintiff from wearing a sweatshirt to his medical appointment, they did not attach a copy of the regulation in support of their motion for summary judgment.  The summary judgment

evidence submitted in support of the defendants' motion for summary judgment showed that the defendants were made aware of the plaintiff's medical condition and his reasons for wanting to wear a sweatshirt.  Although the defendants argued that the plaintiff was unable to produce a note from a doctor authorizing the plaintiff to wear a sweatshirt, they did not dispute the plaintiff's allegation that he was routinely permitted to wear a sweatshirt for medical reasons on his frequent trips to outside medical facilities.

There are material factual issues in dispute as to whether the defendants were aware that the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it which render summary judgment inappropriate.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be denied.

Signed in Baton Rouge, Louisiana, on September 16, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**