UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BENJAMIN LEE  (#114229)

VERSUS                                                                     CIVIL ACTION

SGT. JOHNNY WEST , ET AL                                    NUMBER 09-65-RET-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on June 14, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BENJAMIN LEE  (#114229)

VERSUS                                                          CIVIL ACTION

SGT. JOHNNY WEST , ET AL                        NUMBER 09-65-RET-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Second Motion for Summary Judgment. Record document number 63. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Johnny West, Maj. Daniel Davis, Sgt. Scott Adams and Sgt. Michael McGee. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Defendants moved for summary judgment relying on a statement of undisputed facts, a copy of Directive 09.017[2], the affidavits of Johnny West, Michael McGee, Daniel Davis and Scott Adams, and copies of Refusal to Accept Medical Care forms.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P.

---

[1] Record document number 65.

[2] Although the defendants attached a redacted copy of Directive 09.017 to the motion for summary judgment, an unaltered copy was filed under seal. Record document number 70.

Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that on March 3, 2008, he was scheduled for outpatient dialysis treatment at Earl K. Long Hospital in Baton Rouge. Plaintiff alleged that Sgt. West advised the plaintiff that he could not wear a sweatshirt on the trip. Plaintiff alleged that he told Sgt. West that he suffers from Lupus and has been permitted to wear the sweatshirt because of his illness. Plaintiff alleged that the defendants prepared a medical refusal form and failed to transport him to the hospital for his scheduled treatment. Plaintiff alleged that his kidney function worsened because he did not receive the scheduled treatment.

Defendants offered a different version of events. According to the defendants, the plaintiff refused to put on a regulation prison jumpsuit. When the plaintiff was ordered to change into the regulation prison jumpsuit he refused to do so arguing that he needed the sweatshirt to stay warm. After the plaintiff refused to change his clothing and could not produce a note from a treating physician authorizing him to wear a sweatshirt to the appointment, the defendants directed the plaintiff to sign a medical refusal form. When the plaintiff refused to sign the form the defendants completed the form with a notation that the plaintiff had refused the trip and to sign the form.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must draw the inference. *Id.*

The summary judgment evidence showed that at the time of the incident on March 3, 2008, Directive No. 09.017 provided that each inmate scheduled for an outside trip was required to exchange the clothing he was wearing for a clean orange jumpsuit.[3] The directive further provided that during the winter months, an inmate leaving the institution was permitted to wear thermal underwear under the orange jumpsuit.[4] The directive had no provision for wearing a sweatshirt in lieu of the orange jumpsuit or thermal underwear.[5] Plaintiff alleged in his complaint, and the summary judgment evidence showed that on March 3, 2008, the plaintiff was scheduled for an outside trip to Earl K. Long Hospital, Baton Rouge, Louisiana.

The summary judgment evidence showed that on April 8, 2008, over a month after the incident, the plaintiff was issued a referral slip by his treating physician which permitted him to wear a sweatshirt during his trip to Earl K. Long Hospital.

The summary judgment evidence showed that at the time of the incident, the prison directive prohibited the plaintiff from wearing a sweatshirt to his medical appointment outside of the facility. Plaintiff did not obtain a waiver of the dress regulation until a month later. There is no evidence that the defendants were deliberately indifferent to the plaintiff's serious medical needs. More particularly, there is no evidence the defendants were aware that the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing

---

[3] LSP-09.017 § D.1.

[4] *Id.*

[5] *Id.*

to take reasonable steps to abate it.  Defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' second motion for summary judgment be granted and this action be dismissed.

Signed in Baton Rouge, Louisiana, on June 14, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**